QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Duane R. Lyons (Bar No. 125091)
  duanelyons@quinnemanuel.com
  Viola Trebicka (Bar No. 269526)
  violatrebicka@quinnemanuel.com
  Robert P. Vance, Jr. (Bar No. 310879)
  bobbyvance@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Hyundai Motor
America, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hyundai Motor America, Inc. | Case No. 8:19-cv-01880-JLS-KES |
| *Plaintiff,* v. | [Discovery Document: Referred to Magistrate Judge Karen E. Scott] |
| BNSF Railway Company, CSX Transportation, Inc., Norfolk Southern Railway Company, and Union Pacific Railroad Company, | **STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER** |
| *Defendants.* | District Judge; Hon. Josephine L. Staton Magistrate Judge: Hon. Karen E. Scott |

## 1.  A.    PURPOSES AND LIMITATIONS

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Hyundai Motor America, Inc. ("Plaintiff") and Defendants BNSF Railway Company, CSX Transportation, Inc., Norfolk Southern Railway Company, and Union Pacific Railroad Company ("Defendants," and with Plaintiff, the "Parties") hereby stipulate to this Protective Order.

The purpose of the Protective Order is to govern the pretrial disclosure and use by the parties of all documents, electronically stored information, testimony, and other information exchanged by the Parties.  The Parties have agreed to the Protective Order.  The substance of this Protective Order is identical in all material

respects to the Protective Order recently entered in Multidistrict Litigation No. 1869, to which this action has been noticed as a potential tag-along action.

The Parties further acknowledge, as set forth in Paragraph 11 below, that this stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## B.    GOOD CAUSE STATEMENT

The Parties believe that there is good cause for the designations Protective Order.  The "Confidential" designation is necessary to protect from public disclosure information that is a trade secret, or other confidential research, development, or financial information that is commercially sensitive, and personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure.  Further, the "Highly Confidential – Attorneys' Eyes Only" designation is reserved for materials containing rate or cost data or other competitively sensitive information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

## **PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the pretrial disclosure and use by-the parties of all documents, electronically stored information ("ESI"), testimony, and other information given during the course of discovery.

1.    DEFINITIONS

1.1    Party:  any named party to this action (the "Action"), including all of each named party's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

1.2     <u>Disclosure or Discovery Material</u>:  all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.3     <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained), testimony or tangible things obtained during discovery in the Action that reveal a trade secret, or other confidential research, development, or financial information that is commercially sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise is entitled to protection from public disclosure.

1.4     <u>"Highly Confidential – Attorneys' Eyes Only" Information Or Items</u>:  "Confidential" Information or Items, such as materials containing rate or cost data or other competitively sensitive information, the disclosure of which to another Party or non-party would create a substantial risk of causing the Producing Party to suffer a significant competitive or commercial disadvantage.

1.5     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in the Action.

1.6     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party in the Action.

1.7     <u>Designating Party</u>:  a Party or non-party that designates Disclosure or Discovery Material as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

1.8     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

1.9     <u>Outside Counsel</u>:  attorneys, paralegals and other support personnel who are not employees of a Party, but who are retained to represent or advise a Party in the Action.

1.10 <u>In House Counsel</u>: attorneys, paralegals and other legal department personnel who are employees of a Party, to whom disclosure of Disclosure or Discovery Material is reasonably necessary for the Action.

1.11 <u>Counsel (without qualifier)</u>: Outside Counsel and In House Counsel (as well as their support staffs).

1.12 <u>Principal</u>: an owner, officer, or executive of any plaintiff named in the lawsuits consolidated in the Action whose identity as an owner, officer, or executive of that plaintiff has been disclosed to the Parties.

1.13 <u>Expert</u>: a person, who is not an owner, director, officer or employee of a Party, who has specialized knowledge or experience in a matter pertinent to the Action, including his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action. This definition includes without limitation professional jury or trial consultants retained in connection with the Action.

1.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.

2. <u>USE OF DISCLOSURE OR DISCOVERY MATERIAL</u>. Subject to provisions of Paragraphs 13 and 15, no Disclosure or Discovery Material may be used by the Receiving Party for any reason other than the prosecution or defense of claims in, or the settlement of, the Action—and subject to any other applicable limits on discovery imposed by court rules, the Federal Rules of Civil Procedure, or otherwise.

3. <u>DESIGNATING MATERIAL</u>. The Producing Party may designate documents, ESI or other materials "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as specified below. The Producing Party shall apply a confidentiality designation only when that party has a reasonable, good faith belief

that the information so designated constitutes "Confidential" or "Highly Confidential — Attorneys' Eyes Only" material.  The protections conferred by this Order cover not only the protected information itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might disclose Protected Material to persons not authorized to receive such material.

      3.1  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced.

      3.2  The designation of materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be made as follows:

      (a)  for produced documents, by imprinting the word(s) "Confidential" or "Highly Confidential — Attorneys' Eyes Only" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials.  Use of the legend "Highly Confidential" shall be construed as and shall have the same meaning and effect of use as the legend "Highly Confidential – Attorneys' Eyes Only";

      (b)  for written discovery responses, by imprinting the word(s) "Confidential" or "Highly Confidential – Attorneys' Eyes Only" next to or above any response to a discovery request or on each page of a response;

      (c)  for depositions, by indicating on the record at the deposition which portions of the transcript and/or responses should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Alternatively, within thirty (30) days of receipt of a transcript or recording of a deposition or other pretrial or trial proceeding, the offering or sponsoring Party or non-party may designate such transcript or recording or any portion thereof as "Confidential" or

"Highly Confidential – Attorneys' Eyes Only" by notifying all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." All transcripts or recordings of depositions shall be treated as "Highly Confidential – Attorneys' Eyes Only" for thirty (30) days after receipt of the transcript or recording, or until written notice of a designation is received, whichever occurs first. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

(d)     for ESI, either by imprinting the word "Confidential" or "Highly Confidential — Attorneys' Eyes Only" on any disk or storage medium, or on the face of each page of a document so designated, or by designating the production as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the transmittal cover letter.

3.3     Upward Designation of Information or Items Produced by Other Parties or <u>Non-Parties</u>. Subject to the standards of paragraph 3, a Party may upward designate (i.e., change any Disclosure or Discovery Material produced without a designation to a designation of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or designate any Disclosure or Discovery Material produced as "Confidential" to a designation of "Highly Confidential –Attorneys' Eyes Only") any Disclosure or Discovery Material produced by any other Party or non-party, provided that said Disclosure or Discovery Material contains the upward designating Party's own trade secrets or other confidential research, development, financial, personal, or commercially sensitive information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c).

Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information)

the Disclosure or Discovery Material to be re-designated within thirty (30) days of production by the Producing Party.  Failure to upward designate within thirty (30) days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or Discovery Material or from moving the Court for such relief.  Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth in paragraph 6 regarding challenging designations.

4.    ACCESS TO AND USE OF PROTECTED MATERIAL

4.1    Disclosure of Confidential information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "Confidential" only:

(a)    to the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information for the Action;

(b)    to the Receiving Party's In House Counsel to whom it is reasonably necessary to disclose the information for the Action;

(c)    to no more than two Principals of the Receiving Party to whom it is reasonably necessary, to disclose the information for the Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); except that, upon identification of that Principal, any Designating Party shall have five (5) days to petition the Court to challenge the Principal's status as a Principal to whom Confidential information may be disclosed..  Pending a decision whether Confidential Information may be disclosed to such a Principal, no Confidential Information shall be disclosed to that Principal without the consent of the Designating Party.

(d)    to any Expert to whom disclosure is reasonably necessary for the Action who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

1     (e)    to the Court and its personnel in the Action, including any

2 relevant appellate court, in the event that any portion of the Action is appealed;

3     (f)    to court reporters, their staffs, and professional vendors to

4 whom disclosure is reasonably necessary for the Action;

5     (g)    to any person who Counsel have a good faith basis to

6 believe authored or previously received the material;

7     (h)    to any person who is an employee of the Designating

8 Party, or a former employee of the Designating Party (if they were employed by the

9 Designating Party when the Confidential Information was created); and

10     (i)    during the conduct of their depositions, to witnesses in the

11 Action for whom Counsel has a good-faith basis to believe disclosure is reasonably

12 necessary and who have signed the "Agreement to Be Bound by Protective Order"

13 (Exhibit A).  If in the future any Party deems in good faith that this subsection is

14 unworkable, that Party can initiate its unilateral right to demand renegotiation of this

15 subsection and submit an amendment to the Court for approval.  The portions of the

16 deposition transcript pertaining to such Confidential information shall automatically

17 be deemed designated as "Confidential" (and any such Confidential information

18 marked as an exhibit during a deposition shall continue to be designated as

19 "Confidential").

20     4.2   <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only"</u>

21 <u>Information</u>.  Unless otherwise ordered by the Court or permitted in writing by the

22 Designating Party, a Receiving Party may disclose any information or items

23 designated "Highly Confidential — Attorneys' Eyes Only" only:

24     (a)    to the Receiving Party's Outside Counsel to whom it is

25 reasonably necessary to disclose the information for the Action;

26     (b)    to no more than one In House Counsel for a Receiving

27 Party, but only to the extent that the information or item designated "Highly

28 Confidential — Attorneys' Eyes Only" was produced by a Party in the Action and:

(i)    was sent or received by a current or former employee of the Receiving Party; or

(ii)    is transaction data for transactions of the Party that In House Counsel represents, including summaries thereof.

(c)    to any Expert to whom disclosure is reasonably necessary for the Action who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    to the Court and its personnel in the Action, including any relevant appellate court, in the event that any portion of the Action is appealed;

(e)    to court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for the Action;

(f)    to any person who Counsel have a good faith basis to believe authored or previously received the material;

(g)    to any person who is an employee of the Designating Party, or a former employee of the Designating Party (if they were employed by the Designating Party when the "Highly Confidential – Attorneys' Eyes Only" Information was created); and

(h)    during the conduct of their depositions, to witnesses in the Action for whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Any Receiving Party intending to use "Highly Confidential – Attorneys' Eyes Only" Information at the deposition of an individual who is not otherwise listed in subsections 4.2(a)-(g) of this paragraph shall provide written notice to the Designating Party identifying (by Bates number or other individually identifiable information) the "Highly Confidential – Attorneys' Eyes Only" Information no later than two (2) business day before the intended disclosure.  After receiving the notice, the Designating Party shall not disclose the notice or the information proposed to be disclosed to any other Party or non-party (including the

witness to whom the disclosure is proposed).  Should the parties, after meeting and conferring, disagree that the proposed disclosure is reasonably necessary, the "Highly Confidential – Attorneys' Eyes Only" Information shall not be disclosed to the witness unless and until the Court orders such disclosure.  If in the future any Party deems in good faith that this subsection is unworkable, that Party can initiate its unilateral right to demand renegotiation of this subsection and submit an amendment to the Court for approval.  The portions of the deposition transcript pertaining to such "Highly Confidential – Attorneys' Eyes Only" information shall automatically be deemed designated as "Highly Confidential – Attorneys' Eyes Only" (and any such "Highly Confidential – Attorneys' Eyes Only" information marked as an exhibit during a deposition shall continue to be designated as "Highly Confidential – Attorneys' Eyes Only").

    4.3  Depositions

     (a)  A Receiving Party's In House Counsel will be permitted to attend any deposition of a former or current employee of the Receiving Party represented by that In House Counsel but will be required to leave the deposition room if any "Highly Confidential – Attorneys' Eyes Only" documents or information is to be discussed, other than such "Highly Confidential – Attorneys' Eyes Only" documents or information the Receiving Party's In House Counsel otherwise is permitted to receive pursuant to Paragraphs 4.1(b) and 4.2(b).

     (b)  A Receiving Party's In House Counsel shall not be provided access to portions of any deposition transcript discussing information or items designated Highly Confidential – Attorneys' Eyes Only, other than such "Highly Confidential – Attorneys' Eyes Only" documents or information the Receiving Party's In House Counsel otherwise is permitted to receive pursuant to Paragraphs 4.1(b) and 4.2(b).

    5.  <u>RESPONSIBILITY FOR COMPLIANCE</u>.  The Party's Counsel who discloses "Confidential" or "Highly Confidential- Attorneys' Eyes Only"

1   information shall be responsible for assuring compliance with the terms of this

2   Order with respect to persons to whom such "Confidential" or "Highly Confidential-

3   Attorneys' Eyes Only" information is disclosed, and shall obtain and retain the

4   original Acknowledgements executed by qualified recipients of "Confidential" or

5   "Highly Confidential – Attorneys' Eyes Only" information (if such execution was

6   required by the terms of this Order).  If it comes to a Party's or non-party's attention

7   that any materials that it designated for protection do not qualify for protection at

8   all, or do not qualify for the level of protection initially asserted, that Party or non-

9   party must promptly notify all other Parties that it is withdrawing the mistaken

10  designation.

11       6.      CHALLENGES TO DESIGNATION.  Entry of this Order shall be

12  without prejudice to any party's motion for relief from or modification of the

13  provisions hereof or to any other motion relating to the production, exchange, or use

14  of any document or ESI, or other information in the course of the Actions.  If a party

15  disagrees with a Producing Party's designation of information as "Confidential" or

16  "Highly Confidential – Attorneys' Eyes Only," or disputes the limitations on access

17  to be accorded such information under this Order, the party contesting the

18  designation or restriction on access shall provide to the Producing Party written

19  notice of its disagreement and specifically identify the information or restriction on

20  access in dispute, in compliance with Local Rule 37-1.  If, despite good faith effort,

21  the dispute cannot be resolved informally by the parties within ten (10) days of the

22  Producing Party's receipt of the written notice, the party contesting the designation

23  or restriction on access may seek a determination from the Court with respect to the

24  propriety of the designation.  The Producing Party shall then have five (5) days from

25  the filing of a motion contesting the designation or restriction on access to file an

26  opposition to such motion, following which the contesting party shall be afforded

27  three (3) days to file a reply memorandum.  The "Confidential" or "Highly

28  Confidential- Attorneys' Eyes Only" status of the challenged material shall be

maintained until the Court shall rule on the motion.  While the challenging party must initiate the motion before the Court, it is the burden of the party seeking protection under this Order to demonstrate that the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation is appropriate.  A challenge under this paragraph shall not affect a party's right of access to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material or to disclose information as provided for in this Order.  A party does not waive its right to challenge a confidentiality designation by not electing to mount a challenge promptly after the original designation is made.

7.   <u>INADVERTENT FAILURE TO IDENTIFY MATERIALS AS "CONFIDENTIAL" OR "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>.  Any party who inadvertently fails to identify materials as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall have ten (10) days from the discovery of its oversight to correct its failure.  Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently produced Disclosure or Discovery Material.  Any party receiving such inadvertently unmarked Disclosure or Discovery Material shall make reasonable efforts to retrieve the Disclosure or Discovery Material distributed to persons not entitled to receive Disclosure or Discovery Material with the corrected designation.  The right to designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" documents that were inadvertently not identified as such when produced shall be waived six months after production of the materials, provided however that there shall be no waiver where there is good cause shown for the failure to identify the mistaken designation.

8.   <u>DISCLOSURE OF DISCLOSURE OR DISCOVERY MATERIAL PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE</u>.  Consistent with Federal Rule of Evidence 502, if a Party or non-party notifies my other Party that it disclosed Disclosure or Discovery

Material that is protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity, or the Receiving Party discovers such disclosure, the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material or information disclosed or as to any other material or information relating thereto or on the same or related subject matter.  If a Party or nonparty requests the return of such Disclosure or Discovery Material pursuant to this paragraph or if the Receiving Party recognizes that it has received Disclosure or Discovery Material that, based upon a reasonable interpretation, is subject to any of the privileges discussed in this paragraph, the Receiving Party shall destroy or return all copies of such Disclosure or Discovery Material to the Producing Party within five (5) business days of receipt of such notice or discovery, shall provide a certification of Counsel that all such disclosed Disclosure or Discovery Material has been returned or destroyed, and shall not use such items for any purpose unless and until further order of the Court.  Any party providing notice to another that it has disclosed Disclosure or Discovery Material that is protected from disclosure under any of the privileges discussed in this paragraph must include, to the extent not already provided, within or simultaneously with such notice sufficient information for the Receiving Party to evaluate the privilege claim(s) asserted, per Rule 26(b)(5) of the Federal Rules of Civil Procedure.  The Receiving Party may move the Court for an order allowing use of the Disclosure or Discovery Material in the Action, but further provided that the Receiving Party may not argue that the disclosure to the Receiving Party waived the privilege or immunity.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN  OTHER LITIGATION.  If a Receiving Party is served with a subpoena or an order issued in separate litigation that would compel disclosure of any information or items designated in the Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the

Designating Party, in writing (by email or fax, if possible) immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

9.1    The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

9.2    The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interest in the court from which the subpoena or order is issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL. If a Receiving Party learns that, by inadvertence, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Agreement to Be Bound by Protective Order, that is attached hereto as Exhibit A.

11.    FILING CONFIDENTIAL MATERIAL WITH THE COURT. If a Party files a document containing "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information with the Court, it shall do so in accordance with Civil Local Rule 79-5.

12.   <u>INTRODUCING CONFIDENTIAL INFORMATION IN COURT</u>
<u>PROCEEDINGS</u>.  A Party who seeks to introduce "Confidential" or "Highly
Confidential – Attorneys' Eyes Only" information at a hearing, pretrial or other
proceeding shall advise the Court at the time of introduction that the information
sought to be introduced is protected.  If the party who designated the information as
"Confidential" or "Highly Confidential – Attorneys' Eyes Only" requests the
protection be continued, the Court will review the information to determine if the
information is entitled to continued protection.  Prior to disclosure of "Confidential"
or "Highly Confidential – Attorneys' Eyes Only" information at a hearing, the
Producing Party may seek further protections against public disclosure from the
Court.

13.   <u>USE AND DISCLOSURE OF INDEPENDENTLY OBTAINED</u>
<u>INFORMATION</u>.  Nothing herein shall impose any restriction on the use or
disclosure by a Party or its agent of its own information, or of publicly available
information, or of information lawfully available to that Party, or of information that
lawfully came into the possession of the Party independent of any disclosure of
Disclosure or Discovery Material in the Action.

14.   <u>ADVICE TO CLIENT</u>.  Nothing in this Order will bar or otherwise
restrict Counsel from rendering advice to his or her client with respect to this matter
or from generally referring to or relying upon "Confidential" or "Highly
Confidential – Attorneys' Eyes Only" material in rendering such advice.

15.   <u>PRE-TRIAL APPLICATION ONLY</u>.  This Order shall apply to pre-
trial proceedings in the Action and shall have no application at trial.  The Parties
agree to confer in good faith on a protective order to govern during trial in the
Action.  This Order, however, shall remain in effect until such time as an order to
govern trial proceedings is entered.  Should the Producing Party believe any
document warrants protection beyond that described above, the parties shall confer
with respect to the treatment of that specific document.

16. <u>DURATION OF ORDER/RETURN OF CONFIDENTIAL</u>

<u>INFORMATION</u>.  All provisions of this Order restricting the use of "Confidential"

or "Highly Confidential – Attorneys' Eyes Only" information shall continue to be

binding after the conclusion of the Action, unless otherwise agreed or ordered by the

Court.  Within sixty (60) days of the conclusion of the Action (whether by entry of a

final order of dismissal, judgment, settlement, or disposition on appeal, or

otherwise), a Producing Party may request that a person in the possession of the

Producing Party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only"

information return or destroy that information (other than Outside Counsel's copies

of documents filed with the Court or Outside Counsel's file copies of documents

attached to or information incorporated in attorney work product prepared in

connection with the Action).  If the Receiving Party elects to destroy the

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, it

shall certify within sixty (60) days that such information has been destroyed.  To the

extent any person retains copies of the "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" information pursuant to the terms of this paragraph, such

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" information shall

continue to be subject to the protections provided by this Order.

17. <u>RESERVATION OF RIGHTS</u>.  Nothing contained in this Order or any

designation of confidentiality hereunder, or any failure to make such designation,

shall be used or characterized by any party as an admission by a Party or a Party

opponent.  Nothing in this Order shall be deemed an admission that any particular

information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes

Only" is entitled to protection under the Order, Fed. R. Civ. P. 26(c), or any other

law.  Nothing in this Order shall be construed as granting any person or entity a

right to receive, specific "Confidential" or "Highly Confidential – Attorneys' Eyes

Only" information where a court has entered an order precluding that person or

entity from obtaining access to that information.  The Parties specifically reserve the

right to challenge the designation of any particular information as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and agree that by stipulating to entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Disclosure or Discovery Material covered by this Order.  The Parties reserve the right to request modifications of this protective order as reasonably necessary.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated:   December 12, 2019

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:  _____/s/ Viola Trebicka_____
Duane Lyons
Viola Trebicka
Robert P. Vance, Jr.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: duanelyons@quinnemanuel.com
     violatrebicka@quinnemanuel.com
     bobbyvance@quinnemanuel.com

Stephen R. Neuwirth, *pro hac vice*
Sami H. Rashid, *pro hac vice*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com

1

2

*Attorneys for Plaintiff Hyundai Motor America, Inc.*

3
    _____/s/ Robyn C. Crowther_____

4
    Robyn C. Crowther
    STEPTOE & JOHNSON LLP

5
    633 West 5th Street
    Suite 1900

6
    Los Angeles, California 90071
    Telephone: (213) 439-9428

7
    rcrowther@steptoe.com

8

*Attorneys for BNSF Railway Company*

9
    _____/s/ Tyrone R. Childress_____

10
    Tyrone R. Childress (C.A. Bar No. 136795)

11
    Erna Mamikonyan (C.A. Bar No. 302000)

12

    Kelsey S. Bryan (C.A. Bar No. 307577)

13
    JONES DAY

14
    555 South Flower Street
    Fiftieth Floor

15
    Los Angeles, CA 90071-2300

16
    Telephone: (213) 489-3939
    Facsimile:  (213) 243-2589

17
    E-mail:   tchildress@jonesday.com

18
    E-mail:   emamikonyan@jonesday.com
    E-mail:   kbryan@jonesday.com

19

20
*Attorneys for Defendant Union Pacific Railroad Company*

21
    _____/s/ John S. Gibson_____

22
    John S. Gibson

23
    CROWELL & MORING LLP
    3 Park Plaza 20th Floor

24
    Irvine, CA 92614-8505
    Telephone: (949) 798-1330

25
    jgibson@crowell.com

26

*Attorneys for Defendant CSX Transportation Inc.*

27

28

1

2                                                    _____/s/ Brian Condon_____
                                                     Brian K. Condon
3                                                    ARNOLD & PORTER KAYE
                                                     SCHOLER LLP
4                                                    777 So. Figueroa Street, 44th Floor
                                                     Los Angeles, California 90017
5                                                    Telephone: (213) 243-4000
                                                     brian.condon@arnoldporter.com
6
                                                     *Attorneys for Defendant Norfolk*
7                                                    *Southern Railway Company*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[~~PROPOSED~~] ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  December   16. 2019

_Karen E. Scott_

Hon. Karen E. Scott
United States Magistrate Judge

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, of

_____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order entered by the United States District Court for the Central District of California in the case captioned *Hyundai Motor America, Inc. v. BNSF Railway Company, CSX Transportation, Inc., Norfolk Southern Railway Company, and Union Pacific Railroad Company*, Civil Action No. 8:19-cv-01880-JLS-KES (C.D. Cal. Sept. 30, 2019) (the "Action").

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of the Action.

Date:_____

City and State:_____

Printed Name:_____

Signature:_____

**E-SIGNATURE AFFIRMATION**

Pursuant to the United States District Court, Central District of California Local Rule 5-4.3.4, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:   December 12, 2019

QUINN EMANUEL URQUHART & SULLIVAN LLP

By:   /s/ Viola Trebicka
Duane Lyons
Viola Trebicka
Robert P. Vance, Jr.
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: duanelyons@quinnemanuel.com
violatrebicka@quinnemanuel.com
bobbyvance@quinnemanuel.com

Stephen R. Neuwirth, *pro hac vice*
Sami H. Rashid, *pro hac vice*
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com

*Attorneys for Plaintiff Hyundai Motor America, Inc.*

STIPULATED [PROPOSED] PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been filed using the Court's CM/ECF system on this the 12th day of December, 2019, which will automatically send a copy of the document to all counsel of record in this case. Additionally, a true and correct copy of the foregoing is being sent to Defendants via email as they have not yet appeared in this case.

_____

Viola Trebicka